IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET PRALLE,

                Plaintiff

vs.                                   Case No. 16-4057-SAC

DOLLAR GENERAL CORPORATION,

                Defendant.

MEMORANDUM AND ORDER

        The plaintiff Janet Pralle filed pro se a complaint of employment discrimination under the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, alleging that she was employed by the defendant Dollar General for three days in September of 2014 when she injured her knee and was terminated. She alleges the defendant did not allow her to file a workers' compensation claim and also denied that she ever was employed by it. The plaintiff further claims that she did not receive payment for her hourly wages or for medical care of her knee injury. The defendant appearing as Dolgencorp, LLC ("Dollar General") has filed a motion to compel arbitration and stay proceedings. (Dk. 8). The plaintiff has filed her written response, (Dk. 12), and the defendant has followed with its reply (Dk. 13).

        In its motion, the defendant denies that Ms. Pralle ever worked for Dollar General but admits she applied for a position at the Dollar General

store in Marysville on August 1, 2014. The defendant submits as exhibits the pre-employment documents completed by Ms. Pralle. This includes the Dollar General Arbitration Agreement electronically signed by the plaintiff and dated August 13, 2014. (Dk. 9-1, pp. 7-8). Relevant to the pending motion, the Agreement provides:

> You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement. You also understand that any Covered Claims that Dollar General may have against you related to your employment will be addressed in the manner described in this Agreement.

(Dk. 9-1, p. 7). The Agreement further provides:

> · This Agreement is governed by the Federal Arbitration Act.
> . . . .
> · The procedures in this Agreement will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General, whether brought by you or Dollar General. This includes, but is not limited to, claims alleging violations of wage and hour laws, state and federal laws prohibiting discrimination, harassment, and retaliation, claims for defamation or violation of confidentiality obligations, claims for wrongful termination, tort claims, and claims alleging violation of any other state or federal laws, except claims that are prohibited by law from being decided in arbitration, and those claims specifically excluded in the paragraph below.
> · Covered Claims do not include claims for unemployment insurance benefits, workers' compensation benefits [workers' compensation discrimination and retaliation claims are Covered Claims], whistleblower claims under the Sarbanes-Oxley Act, and . . . . Covered claims also do not include claims pending in court as of the date this Agreement is signed by you, and claims concerning the scope or enforceability of this Agreement.

(Dk. 9-1, p. 7). From a simple application of these provisions, the defendant concludes the plaintiff's claims are covered by the Agreement and are subject to the agreed exclusive mechanism of arbitration.

The plaintiff objects to arbitration without offering any substantive grounds for the Arbitration Agreement not applying here. (Dk. 12). She generally alleges the mistreatment surrounding her employment and termination. She also attaches the letter she wrote to the defendant's president that recounts all of the circumstances surrounding her alleged employment and termination. The plaintiff grounds her objection on allegations that the defendant lacks good faith by having denied her wages, in not dealing with her initial complaints, and in denying her medical treatment. The plaintiff does not challenge the validity of the arbitration agreement or its application to her claims.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., requires that "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable...." 9 U.S.C. § 2. Section 3 of the FAA permits the Court to stay litigation in favor of arbitration. The FAA generally applies to employment contracts, as arbitration agreements do not contravene the policies of federal statutes which give employees specific protection against discrimination. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119,

122–23 (2001); *International Broth. of Electrical Workers, Local/111 v. Public Service Co. of Colorado*, 773 F.3d 1100, 1106 (10th Cir. 2014)(the Supreme Court in *Circuit City* "held that the FAA excludes only employment contracts of *transportation workers* engaged in foreign or interstate commerce." (citation omitted)). It follows then:

> The Supreme Court permits compelled arbitration for alleged violations of federal employment statutes where a valid employment contract so requires. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 111 S.Ct. 1647, 1651 (1991) (concluding that there is no evidence that the Age Discrimination in Employment Act precludes arbitration of claims). The Tenth Circuit follows this approach. *See McWilliams v. Logicon*, 143 F.3d 573, 576 (10th Cir.1998) (noting that there is nothing in the Americans with Disabilities Act that prohibits arbitration of claims under the FAA); *Metz v. Merrill Lynch, Pierce, Fenner, & Smith*, 39 F.3d 1482, 1487–88 (10th Cir.1994) (holding that Title VII claims are subject to mandatory arbitration and that the FAA did not preclude arbitration).

*Moncrief v. Terminix Intern. Co. Ltd. Partnership*, 2006 WL 1764080 at *2 (D. Kan. Jun. 27, 2006). Thus, the plaintiff can be required to arbitrate federal claims for employment discrimination if he has contracted to do so. *See Armijo v. Prudential Ins. Co. of America*, 72 F.3d 793, 797 (10th Cir. 1995).

Whether the parties have agreed to arbitrate a dispute is an issue for judicial determination, because the parties have not clearly and unmistakably provided otherwise. *See AT & T Technologies, Inc. v. Communication Workers of Am.*, 475 U.S. 643, 649 (1986). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* at 648 (citations

omitted). "'[A] court may compel arbitration of a particular dispute . . . only when satisfied that the "making" of the agreement to arbitrate is not at issue." *National American Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2004) (quoting *Spahr v. Secco*, 330 F.3d 1266, 1270 (10th Cir. 2003). The initial burden of showing a valid arbitration agreement rests first with the defendant and then shifts to the plaintiff to come forward with "a genuine issue of fact" concerning the agreement while "generally denying the facts upon which the right to arbitration rests" will not suffice. *Hildebrand v. Par Network, Inc.*, 2009 WL 4508578 at *2 (D. Kan. Dec. 1, 2009).

   The defendant has set forth the Arbitration Agreement which mutually binds the parties to arbitrate all covered claims arising out of employment or termination. The plaintiff does not dispute that this is a binding agreement with the defendant and that she intended to be bound to its reasonable terms as reflected in her electronic signature. The defendant has presented prima facie evidence of an enforceable arbitration agreement, and the plaintiff has not come forward with any evidence creating a genuine issue of fact. The terms of the Arbitration Agreement are broad and define Covered Claims as to encompass easily the plaintiff's claims here. The plaintiff offers no arguments for reading her claims as otherwise covered by the Arbitration Agreement. Thus, the court should compel arbitration here

because there is no dispute that a valid arbitration agreement exists between the parties and the dispute falls within the scope of the agreement.

IT IS THEREFORE ORDERED that the defendant Dollar General appearing as Dolgencorp, LLC's motion to compel arbitration and stay proceedings (Dk. 8) is granted;

IT IS FURTHER ORDERED that the court compels the parties to arbitration pursuant to the terms of the Arbitration Agreement the plaintiff signed and dated on August 13, 2014;

IT IS FURTHER ORDERED that the court stays this case pending resolution of plaintiff's claims in arbitration. The parties shall file a status report by January 20, 2017, concerning the status of arbitration in the event that the case has not been terminated earlier. Failure to report to this court will lead to dismissal of this case for lack of prosecution.

Dated this 19th day of July, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge