IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET PRALLE,

                        Plaintiff

vs.                                                Case No. 16-4057-SAC

DOLLAR GENERAL CORPORATION,

                        Defendant.

MEMORANDUM AND ORDER

On July 19, 2016, the court granted the defendant Dollar General Corporation's (appearing as Dolgencorp, LLC ("DG")) motion to compel arbitration and stay proceedings. (Dk. 14). The court compelled the parties to arbitrate the plaintiff's claim of employment discrimination under the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.* (Dk. 14). The court compelled the parties to arbitrate pursuant to the terms of DG's Arbitration Agreement which the plaintiff electronically signed on August 13, 2014. *Id*. Finally, the court directed the parties to "file a status report by January 20, 2017, concerning the status of arbitration in the event that the case has not been terminated earlier." *Id*. at p. 6. The court warned the parties that, "[f]ailure to report to this court will lead to dismissal of this case for lack of prosecution." *Id.*

The parties filed individual status reports. DG reports that the plaintiff has yet to initiate arbitration against DG and that DG's counsel

spoke with Ms. Pralle who indicated she would provide her own submission to the court. (Dk. 15). In her status report, Ms. Pralle recounts receiving a telephone call from DG's counsel and asking him about a "Matthew Hogan." DG's counsel did not know Matthew Hogan. Ms. Pralle represents that Mr. Hogan was an attorney who had made a settlement offer on DG's behalf but that Mr. Hogan apparently no longer worked at the law firm which Ms. Pralle had been calling. Ms. Pralle explains her difficulties with contacting Mr. Hogan as related to technology problems with her cellular telephone and her email account.  Ms. Pralle next represents that she did not understand the court's order as requiring her to initiate the arbitration but that she believed DG would begin the process. In speaking with DG's counsel about the status report, Ms. Pralle asked counsel to send her a copy of the arbitration agreement and questioned why someone had not contacted her earlier. Ms. Pralle states that she has now received a copy of the Arbitration Agreement and that she is concerned about the timeliness of her notice of intent to arbitrate. Ms. Pralle requests that the court not dismiss her case for lack of prosecution and repeats the factual allegations of her complaint against DG.

The court's order staying the case and compelling arbitration plainly directed that arbitration was to be conducted pursuant to the terms of the Arbitration Agreement that the plaintiff had signed. This Agreement was in the court record as an attached exhibit. (Dk. 9-1, pp. 7-8). The court's order referenced and quoted from the attached Agreement. (Dk. 14,

pp. 2-3). The attached Agreement spells out the claimant's responsibility for filing a demand or a notice of intent to arbitrate to begin the arbitration process. (Dk. 9-1, p. 7). The court plainly ordered the parties to comply with the Arbitration Agreement, and as of January 20, 2017, six months later, Ms. Pralle has not done so. The timeliness of any arbitration demand is not an issue to be decided by this court.

The court accepts the parties' status reports and also directs the parties to submit status reports by June 30, 2017. At that time, the court will consider dismissal without prejudice for failure to comply with a court order should the plaintiff have failed to comply with this court's order requiring arbitration pursuant to the terms of the Arbitration Agreement.

IT IS SO ORDERED.

Dated this 27th day of January, 2017, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge