IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JANET PRALLE,

                Plaintiff

vs.                                          Case No. 16-4057-SAC

DOLLAR GENERAL CORPORATION,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the Fed. R. Civ. P. 41(b) motion to dismiss filed by the defendant Dolgencorp, LLC ("Dollar General"). ECF# 19. This motion was electronically filed on June 30, 2017, with copies sent to the plaintiff Janet Pralle via email, regular postal mail, and certified mail. ECF# 19, p. 3. On July 3, 2017, the court electronically filed a minute order directing the plaintiff to respond to the defendant's motion no later than July 21, 2017. ECF# 22. A copy of this minute order was also mailed to Janet Pralle by regular mail. *Id.* As of this order, the plaintiff Janet Pralle has filed no response to the defendant's motion to dismiss.

The procedural background to this case is as follows. The court granted on August 19, 2016, the defendant Dollar General's motion to compel arbitration and stay proceedings. ECF# 14. The court's order compelled the parties to arbitrate pursuant to the terms of DG's Arbitration Agreement which the plaintiff electronically signed on August 13, 2014. *Id.*

The order directed the parties to "file a status report by January 20, 2017, concerning the status of arbitration in the event that the case has not been terminated earlier." *Id.* at p. 6. The court warned the parties that, "[f]ailure to report to this court will lead to dismissal of this case for lack of prosecution." *Id.*

On January 20, 2017, both parties filed separate status reports. DG reported that the plaintiff had yet to initiate the arbitration against Dollar General. ECF# 15. In her status report, Ms. Pralle recounted her confusion regarding communications and her responsibility for initiating the arbitration, as well as, her difficulties with technology. Ms. Pralle represented that she now had a copy of the Arbitration Agreement and asked the court not to dismiss her case for lack of prosecution.

On January 27, 2017, the court filed its order in response to the parties' status reports. ECF# 17. The court pointed out that its prior order plainly directed arbitration to be conducted pursuant to the terms of the Arbitration Agreement and that this Agreement was already part of the court's record as an attached exhibit. ECF# 17, p. 2. The court further highlighted that the Arbitration Agreement spells out the claimant's responsibility for filing a demand or a notice of intent to arbitrate to begin the arbitration process. *Id.* at p. 3. The court's order concluded:

> The court accepts the parties' status reports and also directs the parties to submit status reports by June 30, 2017. At that time, the court will consider dismissal without prejudice for failure to comply with a court order should the plaintiff have failed to comply with this

>court's order requiring arbitration pursuant to the terms of the
>Arbitration Agreement.

*Id.*

On June 30, 2017, Dollar General filed both its status report (ECF# 18) and its pending motion to dismiss (ECF# 19). Also on June 30, 2017, Ms. Pralle filed her status report. ECF# 21. Dollar General reports that Ms. Pralle has not initiated the arbitration proceeding and has not made any contact with the defendant's counsel since the last status report in January of 2017. Ms. Pralle responds that prior to May she contacted the American Arbitration Association several times asking questions about the filing of forms. She also mentions her struggles with PTSD. Apparently, Ms. Pralle in May began conversations with several different attorneys about representing her, but eventually none of them chose to represent her. So, Ms. Pralle resumed her phone calls to the American Arbitration Association and went to small public libraries to use their computers. She complains that she has left phone messages with American Arbitration Association which have not been returned and that the forms she received from them were blank when downloaded. She concludes her status report that she is still waiting for a return call from the American Arbitration Association.

Ms. Pralle has filed no response to the defendant's motion to dismiss for lack of prosecution pursuant to Rule 41(b). The court reminded Ms. Pralle by minute order that her response to this motion was due no later July 21, 2017. By the terms of D. Kan. Rule 7.4(b), Ms. Pralle has waived

3

her right to file a responsive brief, and without further notice, the court may consider and decide the defendant's motion as uncontested.

After more than 11 months, two status reports, and two court orders directing the plaintiff to comply with the terms of the arbitration agreement, Ms. Pralle still has not initiated the arbitration proceedings. Her latest explanation is again to blame others for what is simply her failure to fulfill her responsibility to initiate the arbitration proceeding. In having filed with the EEOC her charges and with this court her complaint, her motion for leave to proceed in forma pauperis, and her status reports, Ms. Pralle has demonstrated the ability to follow basic procedural instructions and to complete accompanying forms. It may be that Ms. Pralle is frustrated by having to arbitrate her claims according to the terms of the arbitration agreement. This, however, does not justify her delay and repeated failure to follow this court's orders.

By the terms of Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Both by the defendant's motion and by the court's prior order, Ms. Pralle has been amply warned of the consequences in not starting the arbitration proceeding. The court in the exercise of its discretion has reviewed the different factors relevant in deciding whether to dismiss with or without prejudice. *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (citing factors in *Ehrenhaus v. Reynolds*,

4

965 F.2d 916, 921 (10th Cir. 1992)). Shortly after this case was filed, the court stayed it on the defendant's motion and avoided the waste of additional litigation fees and expenses. Because the defendant's filings show the plaintiff's claims face serious legal hurdles, the defendant is not in a position to assert a significant degree of actual prejudice from the plaintiff's delay. Her *pro se* status and her lack of a computer at home are relevant to the plaintiff's culpability, but they do not excuse her extended delay in initiating the arbitration. The court's warning to date has been limited to dismissal without prejudice, and this sanction seems warranted and efficacious here.

IT IS THEREFORE ORDERED that the defendant Dollar General's motion to dismiss (ECF# 19) is granted insofar as the plaintiff's complaint is dismissed without prejudice for failure to prosecute.

Dated this 26th day of July, 2017, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge